IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN MURDOCK,

                     Petitioner,

  v.                                               OPINION and ORDER

WARDEN E. EMMERICH,                       25-cv-480-jdp

                     Respondent.

---

Petitioner John Murdock, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. Murdock contends that Bureau of Prison officials have unlawfully denied him earned-time credit under the First Step Act (FSA) based on an incorrect determination that his conviction under 18 U.S.C. § 2252(a)(4)(B) for possession of child pornography makes him ineligible for that relief.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition with prejudice because Murdock's conviction under § 2252(a)(4)(B) makes him ineligible for FSA time credit.

I begin with the background. Murdock was charged with violating 18 U.S.C. § 2252(a)(4) and (b)(2) by possessing child pornography. *United States v. Murdock*, 22-cr-257 (D. Minn.), Dkt. 1. Murdock pleaded guilty to the sole count in the information, and he was sentenced to 120 months' imprisonment. Dkt. 15 and Dkt. 37 in the '257 case. Murdock's release date is March 13, 2027.

Prisoners are ineligible to receive FSA time credit if they are serving sentences for certain offenses, including violations of § 2252, "relating to certain activities . . . involving the sexual exploitation of minors." 18 U.S.C. § 3632(d)(4)(d)(xli). A prisoner, such as Murdock, who is serving a sentence for a conviction under § 2252(a)(4)(B) "is ineligible to receive earned-time credit under the [FSA] because he is serving a sentence for an enumerated offense [under that Act]." *See Grigsby v. Gutierrez*, No. 22-16180, 2023 WL 8711819, at *1 (9th Cir. Dec. 18, 2023).

Murdock argues that § 3632(d)(4)(d)(xli) does not apply to him because the BOP's website says that "(FSA Law, Section 101, Subsection 3632(d)(4)(D) Ineligible Prisoners should always be referenced" when determining whether a conviction is a disqualifying offense under the FSA. Dkt. 2 at 11.[1] That source refers to H.R. 5682, which in relevant part says that only the offenses listed in § 2252(a)(1)–(3) are ineligible to receive FSA time credit. Murdock, by contrast, was convicted under 18 U.S.C. § 2252(a)(4).

The final version of the FSA that was approved by the U.S. Senate and passed into law contained amendments to the initial version, H.R. 5682. *Lisenby v. United States*, No. 19-cv-4288, 2021 WL 930212, at *3 (S.D. Ind. Mar. 11, 2021). The final version became Public Law 115-391, which disqualified all convictions under § 2252. *See id.*, sec. 101, § 3632(d)(4)(D)(xli), 132 Stat 5194, 5200 (2018). Guidance on the BOP website that directly contradicts the governing statute does not trump the statute. *Cf. Free Speech Coal., Inc. v. Att'y Gen. of U.S.*, 677 F.3d 519, 539 (3d Cir. 2012) ("It is axiomatic that regulations cannot supersede a federal statute."); *Tuan Thai v. Ashcroft*, 366 F.3d 790, 798 (9th Cir. 2004) ("It is

---

[1] *See* https://www.bop.gov/resources/fsa/time_credits_disqualifying_offenses.jsp.

2

beyond dispute that a federal regulation cannot empower the Government to do what a federal statute prohibits it from doing.").

Murdock contends that the BOP denied him of FSA time credit without procedural due process. He explains that an FSA time credit assessment said that he would receive FSA time credit but a later assessment said the opposite. *See* Dkt. 2 at 7–8; Dkt. 2-2; Dkt. 2-3. To prevail, at a minimum, Murdock must show that he had a protected liberty interest in FSA time credit. But Murdock "is statutorily ineligible to have [FSA time credit] appl[ied] to his sentence, and courts have held that prisoners do not otherwise have a constitutionally protected liberty interest in these credits." *See Quinones v. Emmerich*, No. 25-cv-25-wmc, 2025 WL 1638436, at *2 (W.D. Wis. June 9, 2025); *see also Sedlacek v. Rardin*, No. 24-1254, 2025 WL 948485, at *1 (6th Cir. Jan. 21, 2025) ("We agree that because the FSA earned-time credits are conditional, they do not create a liberty interest."). Murdock did not have a liberty interest in FSA time credit, so his procedural due process claim is plainly meritless.

The BOP correctly determined that Murdock was ineligible for FSA time credit; the petition is dismissed.

ORDER

IT IS ORDERED that:

1. Petitioner John Murdock's petition, Dkt. 1, is DISMISSED with prejudice.

2. The clerk of court is directed to enter judgment and close the case.

Entered June 7, 2025.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge